RUGGLES, Respondent, vs. TYSON and others, Appellants.

*April 4—April 22, 1902.*

*Equity: Sale of part of trust estate to discharge liens: Power to order additional sale.*

In an action by the owner of a life estate in land against the owners of the estate in remainder, subject to certain contingencies, to obtain judicial authority to sell a part of the property, including all estates therein, in order to prevent a threatened destruction of such estates by tax and other liens, the decree authorized the sale of certain lots specifically mentioned in the complaint and also, in case of necessity, the sale of other lands upon application and order of the court at the foot of the decree. The amount realized from sales of the lots specifically mentioned proved insufficient to discharge the liens. *Held*, that an order authorizing the sale of another parcel for that purpose was within the power of the court and was proper.

APPEAL from an order of the circuit court for Milwaukee county: EUGENE S. ELLIOTT, Circuit Judge. *Affirmed.*

After a decision in this case by this court, reported in 104 Wis. 500, 79 N. W. 766, 81 N. W. 367, and the *remittitur* to the circuit court for Milwaukee county, that court, on July 25, 1900, entered a judgment or decree substantially in accordance therewith, authorizing the sale of the entire title to four certain lots and the application of the proceeds in the manner directed by this court. The decree also authorized the trustee to join with the plaintiff in any other sales or conveyance of other real estate involved in the trust, "upon application and order of this court at the foot of the decree." On September 3, 1901, the trustee appointed by the former decree presented its petition, alleging that, of the four lots authorized to be sold by the decree itself, three and a half lots had been sold; that the prospective purchaser had receded from his intended purchase of the other half of one of the lots; that the amount realized therefrom had been somewhat less than expected, and that the expenses of the preceding litigation and for compensation of guardian *ad litem,* authorized to be paid out of the proceeds, had been greater than expected, so that the net amount realized from the sale of the three and a half lots was not adequate to accomplish the purpose of discharging the liens in the manner prescribed by the decree, so as to save the remainder of the premises. That petition also represented an opportunity to sell an additional lot, to wit, lot 5 in block 96 in the Ninth ward of the city of Milwaukee, for the price of $6,000, which amount is needed, and is believed to be sufficient, to accomplish the purpose for which the original sales were authorized, and which amount would not make the total exceed that for which it was expected the original four lots could have been sold. Upon this petition, on the foot of the decree, the trustee was authorized to make conveyance, with the life tenant, of said lot 5, so as to convey the complete title thereto of all persons existent or hereafter to come into existence in or to said premises. From that order the guardian *ad litem* of the minor remaindermen

brings this appeal, in order to submit to this court the question as to the authority of the circuit court to make such order and to authorize the divesting of all title other than that of the life tenant, *Virginia C. Ruggles.*

The cause was submitted for the appellants on the brief of *Rollin B. Mallory,* guardian *ad litem,* and for the respondent on that of *Quarles, Spence & Quarles.*

DODGE, J.   We see no reason to doubt either the power of the circuit court to authorize this additional sale or the propriety of its so doing upon the showing made.   By the decision in this court it was expressly pointed out that the effect of the original complaint was to submit to the court of equity, fully and completely, the situation of the trust estate, and to empower it to order such disposition of parts thereof as should be most beneficial to the ultimate purpose of the trust; namely, the preservation of the *corpus* thereof for those entitled thereto upon the termination of the life estate.   This, unquestionably, includes the authorization of sale, not only of the specific lots originally mentioned in the complaint as advisable to sell, but such others in substitution therefor as it may have developed can be disposed of more advantageously and more effectively to accomplish the main purpose above suggested.   It, of course, is not surprising that anticipation existing at the time of invoking the investigation and action of the court might be disappointed after the lapse of so long time pending its decision, and there must exist both power and duty in the court to meet the changed situation and so act upon existing facts as to accomplish the purpose of its jurisdiction.   The mandate of this court in directing decree was not restrictive as to the specific portion of the trust property which should be sold, but only as to the method of the application and preservation of the proceeds thereof.   We think the decree, together with the ancillary order on the foot thereof, is entirely within the instructions of that mandate.

*By the Court.*—Order affirmed.